## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURTIS BERNARD SEALS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-21-535-D |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

### **ORDER**

Petitioner Curtis Bernard Seals, a state prisoner appearing pro se, filed a Petition for Writ of Habeas Corpus challenging his conviction under 28 U.S.C. § 2254. The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C).

On June 29, 2021, the magistrate judge issued a Report and Recommendation [Doc. No. 5], where he recommended dismissal of the habeas petition for failure to comply with the court's orders to use the proper forms and either pay the filing fee or be granted leave to proceed in forma pauperis. Petitioner timely filed an Objection. [Doc. No. 6].

Liberally construing Petitioner's arguments, he appears to be asserting that he initiated a separate habeas case using the proper forms and that the Court should glean his in forma pauperis status from his other filings. However, Petitioner does not genuinely dispute that he failed to use the proper forms to initiate the instant case or pay the filing fee nor does he present any persuasive argument that would cause this Court to reject the magistrate judge's conclusions.

The Court has reviewed the entirety of the Report and Recommendation, as well as the case record, and fully concurs in the Report and Recommendation. Therefore, the Court, having conducted a *de novo* review, finds that Petitioner's Objection should be overruled, and hereby ADOPTS the Report and Recommendation [Doc. No. 5] in its entirety.

IT IS THEREFORE ORDERED that the Petition for Writ of Habeas Corpus [Doc. No. 1] is DISMISSED WITHOUT PREJUDICE. A separate judgment shall be entered.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

**IT IS SO ORDERED** this 20th day of August, 2021.

TIMOTHY D. DeGIUSTI
Chief United States District Judge